UNITED STATES of America, Plaintiff—Appellee,

v.

Lino CORTEZ–CARRASCO, aka Jorge Carrasco–Cortez, Defendant— Appellant.

United States of America,
Plaintiff—Appellee,

v.

Lino Cortez–Carrasco, Defendant—
Appellant.

No. 03–50021, 03–50025.
D.C. No. CR–01–00773–HBT,
CR–01–03311–NAJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Nov. 17, 2003.

Jennifer J. Detrani, Kevin M. Mulcahy, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Steven F. Hubachek, Esq., Ramzi Nasser, FDCA—Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before REINHARDT, FERNANDEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Defendant–Appellant Lino Cortez–Carrasco challenges his conviction following a jury trial for violating 8 U.S.C. § 1326, and contests the revocation of his supervised release.

Cortez–Carrasco assigns as error: (1) the district court's denial of his motion to dismiss the indictment for failure to allege voluntary entry and for error in instructing the grand jury; and (2) the district court's failure to instruct the petit jury that it must find voluntary entry to convict.

■ There is no need to plead voluntary entry in an indictment unless there is some evidence of an involuntary entry. *See United States v. Parga–Rosas,* 238 F.3d 1209, 1214 (9th Cir.), *cert. denied,* 534 U.S. 942, 122 S.Ct. 319, 151 L.Ed.2d 238 (2001) (stating that while voluntary entry may be an important element of proof in some cases, the crime of being "found in" the United States does not require that voluntary entry be pled in the indictment).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cortez–Carrasco's argument that the trial jury should have been instructed that it must find voluntary entry in order to convict fails for similar reasons. A reasonable jury may infer that the defendant voluntarily intends to be in the United States when he is found anywhere within the country other than at the border and no evidence of involuntary entry is introduced. *See United States v. Quintana–Torres*, 235 F.3d 1197, 1200 (9th Cir.2000), *cert. denied*, 532 U.S. 953, 121 S.Ct. 1427, 149 L.Ed.2d 366 (2001); *see also United States v. Castellanos–Garcia*, 270 F.3d 773, 777 (9th Cir.2001). Cortez–Carrasco's conviction suffers from no infirmity.

Revocation of Cortez–Carrasco's supervised release was predicated upon the validity of his conviction for violating 8 U.S.C. § 1326. Thus, our conclusion that his "found in" conviction stands defeats Cortez–Carrasco's challenge to the revocation of his supervised release.

Finally, Cortez–Carrasco's challenge to the grand jury instructions is foreclosed by our decision in *United States v. Marcucci*, 299 F.3d 1156, 1164 (9th Cir.2002).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.